IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| QUINTIN PHILLIPPE JONES, § <br> Petitioner, § <br> VS. § <br> § <br> NATHANIEL QUARTERMAN, Director,§ <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> Respondent. § | CIVIL ACTION NO. 4:05-CV-638-Y <br> (death-penalty case) |

**MEMORANDUM OPINION AND ORDER**
<u>**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**</u>

Petitioner Quintin Phillippe Jones ("Jones"), sentenced to death for capital murder, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that his conviction and sentence are unconstitutional in several respects. Respondent Nathaniel Quarterman ("the State") filed a brief in response, as well as a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). The Court dismisses Jones's petition for a writ of habeas corpus.

I

*History of the Case*

A jury convicted Jones of the capital murder of Berthena Bryant, and his punishment was assessed at death by lethal injection. See *State v. Jones*, Cause No. 0744493D (Criminal District Court Number 1 of Tarrant County, Tex. Feb. 26, 2001). The case was appealed to

1

the Texas Court of Criminal Appeals, and that Court affirmed the conviction in a published opinion. See *Jones v. State*, 119 S.W.3d 766 (Tex. Crim. App. 2003). A petition for writ of certiorari was denied by the United States Supreme Court on June 14, 2004. See 542 U.S. 905 (2004).

Jones filed a state application for writ of habeas corpus on November 10, 2004. On July 6, 2005, the state habeas court issued an order adopting the State's findings of fact and conclusions of law recommending that relief be denied based on the pleadings, the exhibits filed by the parties, and the court record. (Second Supplemental State Habeas Transcript, p. 48.) The Texas Court of Criminal Appeals denied relief in an unpublished written order adopting the trial court's findings of fact and conclusions of law. See *Ex parte Jones*, No. 57,299-01 (Tex. Crim. App. Sept. 14, 2005). Jones filed his federal petition for writ of habeas corpus on September 14, 2006. The State filed both an answer and a motion to dismiss on November 17, 2006, and furnished the state-court records. Jones filed no response.

Briefly recounted, the evidence presented by the State at the guilt phase of the trial established that Jones beat to death his great aunt after she refused to loan him money. At the punishment phase of the trial, the State also presented evidence of Jones's involvement in two extraneous murders. See *Jones v. State*, 119 S.W.3d at 770-72.

2

II

*Procedural Bar*

The State asserts that Jones's habeas petition should be dismissed because it is time-barred under applicable federal law. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), a person in custody under a state judgment has one year to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). In Jones's case, this one-year statute of limitations began to run when his state judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). This occurred on June 14, 2004, when the Supreme Court denied certiorari on direct appeal. However, under § 2244(d)(2), the running of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending.

The Fifth Circuit has defined a "properly filed" application as one that conforms with a state's procedural filing requirements. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). From this definition, it is clear that, in order for an application to be considered "properly filed," it must, in fact, be *filed*. Accordingly, the statute of limitations did not begin to be tolled under the provisions of § 2244(d)(2) until November 10, 2004, when Jones's state habeas application was filed with the trial court. The statute of limitations was then tolled until September 14, 2005, when the state habeas application was denied by the Texas Court of

3

Criminal Appeals. Because the running of the one-year limitations period is tolled for 309 days for the time between the filing of the state habeas application and its denial, Jones's deadline for filing his federal habeas petition is extended from June 14, 2005, one year after the Supreme Court denied certiorari on direct appeal, until April 18, 2006. Because Jones's initial federal petition was not filed until September 14, 2006, it was not filed within the one-year period allowed by the AEDPA limitations sections.

Nevertheless, the AEDPA's one-year limitation is not a jurisdictional bar and can, in exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). Courts, "guided by precedent, must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *quoting Davis*, 158 F.3d at 811. Accordingly, it is appropriate to look to the circumstances of this case in order to determine whether equitable tolling is warranted.

Here, Jones filed a motion for appointment of federal habeas counsel on October 12, 2005, twenty-eight days after the Court of Criminal Appeals denied relief at the state habeas level. This motion was granted, and this Court appointed Jack Strickland to represent Jones in his federal habeas case on November 3, 2005, 167 days before the statute of limitations expired. On December 27, 2005, Jones filed a *pro se* motion requesting that different counsel be appointed to

represent him.  This Court issued an order requiring a response from counsel to this request.  After Strickland filed a response on March 7, 2006, this Court issued an order on March 9, 2006, denying Jones's request for new counsel.  As noted earlier, in order to meet the one-year deadline under the AEDPA, the federal petition had to be filed with this Court thirty days later, on April 8, 2006, but was not filed until September 14, 2006.

The Fifth Circuit has held that equitable tolling is appropriate only in rare and exceptional circumstances. *See Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  The Fifth Circuit has also held that a lack of knowledge of the law does not ordinarily justify equitable tolling. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002).  Instead, equitable tolling usually is applied where a plaintiff is actively misled by the defendant about the cause of action or is prevented in some "extraordinary" way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). And, the Fifth Circuit has also allowed equitable tolling where a petitioner has relied, to his detriment, on the actions of the district court that contributed to the petition's being filed late. *See Prieto v. Quarterman*, 456 F.3d 511, 514-15 (5th Cir. 2006) (granting equitable tolling where the district court granted the petitioner's motion for an extension of time to file the petition and setting the due date after the deadline under the AEDPA); *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (granting

5

equitable tolling where the district court granted a motion to withdraw a federal habeas petition, thus allowing a second petition to be time-barred). But the Fifth Circuit has held that in a death-penalty case mere attorney error or neglect is not an extraordinary circumstance justifying equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Moreover, the Supreme Court recently addressed this issue in *Lawrence v. Florida*, 127 S.Ct. 1079 (2007). In that case, the Supreme Court held that a federal habeas petitioner under a sentence of death was not entitled to equitable tolling under the AEDPA due to his counsel's mistake in miscalculating the limitations period. Specifically, the Supreme Court stated that attorney miscalculation is not sufficient to warrant equitable tolling, particularly as prisoners have no constitutional right to counsel during federal habeas review. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1086-87 (2007).

In the instant case, because no response was filed by Jones to the State's motion to dismiss, no reason has been given to this Court for the delay in filing the federal petition. It appears, however, that federal habeas counsel filed the petition one year after the state court denied the state application for habeas corpus without taking account of the period between when the direct-appeal process was concluded and the state habeas application was filed--a time when the one-year limitations period was running. As the record reflects that federal counsel was also the state counsel who filed the state

application, he in particular was on notice that, after the state application was denied by the Court of Criminal Appeals, less than a full year remained for the federal petition to be filed.  Counsel had 167 days after being appointed by this Court to file a petition, a more-than-sufficient amount of time to do so, especially given his prior knowledge of the case.

Moreover, while Jones filed a motion to have different counsel appointed, this motion was denied prior to the end of the one-year limitations period, and federal counsel was not relieved of his duties as Jones's attorney while that motion was pending.  Therefore, there is no evidence that Jones's counsel relied on anything said or done by this Court in filing a tardy petition.  Accordingly, no extraordinary circumstances have been shown to warrant equitable tolling.  Respondent's motion to dismiss Jones's petition for writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d) is granted.

SIGNED September 21, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE