IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| QUINTIN PHILLIPPE JONES, | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:05-CV-638-Y |
| | § | (death-penalty case) |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

**ORDER GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Pending before this Court is a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed on May 29, 2008 [doc. #35]. This motion, filed by the petitioner in this death-penalty habeas case ("Jones"), requests that this Court lift its judgment, which dismissed his writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). Respondent ("the State") opposes this motion.

I.

*History of Case*

Jones filed his initial federal petition for writ of habeas corpus on September 14, 2006. The State filed both an answer and a motion to dismiss on November 17, 2006, and furnished the state-court records. Jones filed no reply brief. This Court issued an opinion on September 21, 2007, dismissing Jones's petition because it was not filed within the one-year time limit under the

1

Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). This Court's judgment was handed down that same day. Jones did not appeal this ruling. On February 27, 2008, this Court received a letter from Jones, dated February 19, 2008, stating that it was not his intention to abandon his appeal and that he had only recently discovered that no appeal had been filed in his case.

On March 21, 2008, this Court appointed new counsel for Jones. On May 29, 2008, counsel filed a motion for relief from this Court's judgment under Rule 60(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 60(b). The State filed a response opposing this motion on July 2, 2008, and Jones filed a reply brief on July 22, 2008.

II

*Analysis*

Under the AEDPA, a person in custody under a state judgment has one year to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). In Jones's case, this one-year statute of limitations began to run when his state judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). However, under § 2244(d)(2), the running of the statute is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending. Taking into consideration the time this case was tolled because of a pending state post-conviction review, Jones's federal habeas petition was due on April 18, 2006. It was not filed, however, until

2

September 14, 2006. In his motion, Jones does not dispute that his federal petition was filed late. Instead, Jones requests that this Court vacate its judgment because of the "extraordinary circumstances and equities" of this case. Specifically, Jones asserts that, because his federal habeas counsel failed to file a timely federal petition, failed to file a reply brief to the State's motion to dismiss, and failed to file an appeal of this Court's judgment, the circumstances and equities of this case require that this Court vacate its judgment so that Jones may file a reply brief urging that the AEDPA's one-year limitation be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998) (holding that the AEDPA's one-year limitation is not a jurisdictional bar and can, in exceptional circumstances, be equitably tolled).

As support for his contention that his motion should be granted, Jones cites to factors listed by the Fifth Circuit in *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), as those that should be considered by a district court when evaluating a motion for relief from judgment. Those factors are: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or

defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402. Jones argues that, because a motion for relief from judgment should be construed liberally in order to achieve substantial justice and because his petition was dismissed rather than decided on its merits and there is merit to his claim that equitable tolling is warranted, his motion should be granted by this Court.

The State argues that this Court should not grant Jones's motion and offers three reasons why the motion should be denied. First, the State contends that the motion should be denied because it was not filed in a timely fashion. Second, the State argues that the circumstances of this case do not fit into any of the reasons enumerated in Rule 60(b) as circumstances under which a judgment may be vacated. And third, the State contends that Jones's motion should be denied because, even if this Court vacated its judgment, Jones would lose on the merits because he could not show that he is entitled to equitable tolling of one-year deadline under the AEDPA.

Under Rule 60(c), a motion for relief from judgment under Rule 60(b) should be filed within a reasonable time and, under certain circumstances, no more than a year after the entry of the judgment. FED. R. CIV. P. 60(c)(1). In the instant case, counsel filed the

4

motion approximately sixty days after being appointed as substitute counsel in the case. As the State acknowledges, the Fifth Circuit in *Osborne v. Homeside Lending Inc.*, 379 F.3d 277, 283 (5th Cir. 2004), stated that what constitutes a reasonable time depends on the facts of each case, including the reason for the delay, the interest in finality, and the prejudice to other parties. This Court concludes that sixty days after appointment of new counsel is a reasonable time in which to file a 60(b) motion in a case where the death penalty is involved and where no prejudice to the opposing party has been shown.

The State also argues that Jones's motion should be denied because previous habeas counsel's failure to file a response to the State's motion to dismiss the petition was due to neither "mistake, inadvertence, surprise, or excusable neglect," as is required under Rule 60(b)(1), nor was it due to "any other reason that justifies relief," as required under Rule 60(b)(6). *See* FED. R. CIV. P. 60(b)(1) & (6).[1] And, the State contends that Jones's motion should be denied because his underlying claim that he would be entitled to equitable tolling is without merit. This Court will address these two contentions together.

Citing an unpublished Fifth Circuit case, the State contends that the instant case is best analyzed under Rule 60(b)(1). In

---

[1] Neither party contends that any of the other reasons listed under Rule 60(b) as reasons that such a motion may be granted are applicable here.

5

*Broussard v. Johnson*, 2001 WL 502799 (5th Cir. 2001), the Fifth Circuit held that, in a capital habeas case, where Broussard's attorneys failed to respond to the State's motion for summary judgment, the district court did not abuse its discretion in denying a Rule 60(b) motion because the neglect shown by Broussard's attorneys was not excusable under 60(b)(1), where one attorney left her law practice and failed to notify the second attorney so that the second attorney could file the necessary pleading. The Fifth Circuit noted that it analyzed the case under 60(b)(1) rather than 60(b)(6) because the party filing the motion was partially to blame for the delay and because the petitioner's attorneys failed to employ greater safeguards to ensure that a response to the motion for summary judgment was taken. In *Broussard*, the Fifth Circuit acknowledged that Rule 60(b) motions should be resolved liberally so that close cases are resolved on their merits and acknowledged that the Fifth Circuit had gone to great lengths in the past to avoid a miscarriage of justice. And the Court cited to previous cases in which the Court had found excusable neglect where attorneys have missed deadlines. But the Fifth Circuit in *Broussard* emphasized that the district court did not abuse its discretion in denying the motion because Broussard had failed to show both that he had a sufficiently meritorious defense

and that he did not have a fair opportunity to present that defense. *Id.* at 2-3.[2]

Jones, however, contends that his case is more appropriately considered under Rule 60(b)(6), and he cites *Seven Elves* as support for this assertion. In that case, judgment was rendered for the plaintiff after neither two of the three defendants nor their attorney appeared at trial because the defendants never received notice of the trial date from either the court or their attorney--and the two defendants' attorney, who was never removed as the attorney of record, believed that he had been fired by the third co-defendant. The two defendants filed a Rule 60(b) motion, which was denied by the district court. The Fifth Circuit held that the district court had abused its discretion in denying the motion for relief from the judgment under Rule 60(b)(6) because: 1) the full merits of the cause were not examined at the district court level; 2) the moving party had shown both a meritorious defense and the lack of a fair opportunity to present it; and 3) the defendants were never informed by their attorney that he would no longer represent them. The Court in *Seven Elves* also noted that no great delay would occur if relief was granted and that no intervening rights would be prejudiced by granting relief. Accordingly, the Court held that when these factors were balanced against the interest in the finality of the judgment, the equities

---

[2] The Fifth Circuit in particular noted that the district court decided the issues in *Broussard* on their merits, based on the habeas petition and the State's response.

7

of the case required that the district court's denial of the Rule 60(b) motion be reversed. *Id*. at 403.

In viewing the cases cited by Jones and by the State, it appears that Jones's circumstances fall somewhere between the two. On the one hand, unlike the attorney in *Seven Elves*, Jones's attorney did represent him through much of the federal habeas process. However, because Jones's attorney filed the habeas petition late and failed to file a response to the State's motion to dismiss, Jones's federal petition was dismissed by this Court and, similarly to *Seven Elves* and unlike the situation in *Broussard*, the merits of his case were never addressed. Also, Jones's original federal habeas attorney never filed an appeal on his behalf and never informed Jones that he did not do so, even after sending Jones a letter in June of 2006 in which he indicated that, should this Court deny Jones's federal petition, he would appeal to the Fifth Circuit. (Motion Exhibit P). But, like the attorney in *Broussard*, Jones's original federal habeas attorney was responsible for the failure to file a response to the State's motion to dismiss the habeas petition.

Also, in both of the cases cited by the parties, the Fifth Circuit took into consideration whether the moving party was likely to prevail on the merits. The State contends that Jones's motion for relief from this Court's judgment should be denied because, even were Jones permitted to file a response to the State's motion to dismiss his petition, he would not be entitled to equitable tolling

of the statute of limitations because it was filed late due to a mistake by Jones's former attorney. *See Ruiz v Quarterman*, 504 F.3d 523, 532 (5th Cir. 2007) (holding that a Rule 60(b) motion should be granted because, in part, the petitioner's underlying claims were potentially meritorious). Jones contends that, on the contrary, the circumstances of this case are similar to other cases where federal courts have determined that equitable tolling is warranted (Motion at 21-22). In the instant case, because no response was filed by Jones to the State's motion to dismiss, no reason has been given to this Court for the delay in filing the federal petition, and there is no evidence of the reason on record before this Court. Accordingly, any conclusion this Court were to reach regarding the merits of an equitable tolling argument would be based on inference, rather than the record of the case.[3]

In conclusion, comparing the circumstances in the instant case with the circumstances in *Broussard* and *Seven Elves*, and taking into consideration that *Broussard* is an unpublished case and therefore not binding precedent, this Court finds that it is appropriate to consider this case under Rule 60(b)(6), under which a motion for relief from judgment may be granted for "any other reason that justifies relief." Furthermore, the Court concludes that, while final judgments should not lightly be disturbed, because this is a death

---

[3] Neither party addresses the merits of the grounds raised by Jones in his original habeas petition. Accordingly, this Court will not take those into consideration in deciding the merits of Jones's motion.

9

penalty case, because the Fifth Circuit has indicated that a Rule 60(b) motion should be construed liberally in order to achieve substantial justice, and because the merits of Jones's habeas case have not been considered by a federal court and Jones would be prevented from presenting his potentially meritorious arguments to any court should this Court deny his motion, this Court concludes that the circumstances of this case are such that granting Jones's motion is warranted. Accordingly, this Court's judgment dismissing Jones's habeas petition [doc. #29] is VACATED. Jones is permitted to file a brief in response to the State's motion to dismiss his habeas petition and answer to his petition [doc. #26, 27]. Any such response shall be filed in this Court no later than October 24, 2008.

SIGNED September 10, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ebd:be