IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| QUINTIN PHILLIPPE JONES, | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:05-CV-638-Y |
| | § | (death-penalty case) |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**
**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Quintin Phillippe Jones sentenced to death for capital murder, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that his conviction and sentence are unconstitutional in several respects. Respondent Nathaniel Quarterman ("the State") filed a brief in response, as well as a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). Jones filed reply briefs to both Respondent's answer and the motion to dismiss. The Court will dismiss Jones's petition for a writ of habeas corpus.

I

*History of the Case*

A jury convicted Jones of the capital murder of Berthena Bryant, and his punishment was assessed at death by lethal injection. See *State v. Jones*, Cause No. 0744493D (Criminal District Court Number

1

1 of Tarrant County, Texas, Feb. 26, 2001). The cinviction and the sentence were appealed to the Texas Court of Criminal Appeals, and that Court affirmed both in a published opinion. See *Jones v. State*, 119 S.W.3d 766 (Tex. Crim. App. 2003). A petition for writ of certiorari was denied by the United States Supreme Court on June 14, 2004. See 542 U.S. 905 (2004).

Jones filed a state application for writ of habeas corpus on November 10, 2004. On July 6, 2005, the state habeas court issued an order adopting the State's findings of fact and conclusions of law recommending that relief be denied based on the pleadings, the exhibits filed by the parties, and the court record. (Second Supplemental State Habeas Transcript, p. 48.) The Texas Court of Criminal Appeals denied relief in an unpublished written order adopting the trial court's findings of fact and conclusions of law. See *Ex parte Jones*, No. 57,299-01 (Tex. Crim. App. Sept. 14, 2005). Jones filed his federal petition for writ of habeas corpus on September 14, 2006. The State filed both an answer and a motion to dismiss on November 17 furnished the state-court records. After receiving no reply brief from Jones, this Court dismissed Jones's petition in an opinion dated September 21, 2007. The judgment dismissing the petition was issued that same date. No appeal was made from this judgment.

On February 27, 2008, this Court received a letter from Jones in which he stated that he had only recently been made aware that

2

his petition had been dismissed in September of 2007 and that he still wanted to appeal his conviction and sentence. As a result of that correspondence, this Court appointed new counsel for Jones on March 21, 2008, and, on September 10, granted the motion for relief from this Court's judgment of dismissal that was filed by Jones's new counsel. On February 5, 2009, Jones filed reply briefs to both the State's motion to dismiss and the State's original answer.

Briefly recounted, the evidence presented by the State at the guilt phase of the trial established that Jones beat to death his great-aunt after she refused to loan him money. At the punishment phase of the trial, the State also presented evidence of Jones's involvement in two extraneous murders. See *Jones v. State*, 119 S.W.3d at 770-72.

II

*Procedural Bar*

The State asserts that Jones's habeas petition should be dismissed because it is time-barred under applicable federal law. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), a person in custody under a state judgment has one year to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). In Jones's case, this one-year statute of limitations began to run when his state judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). This occurred on June 14, 2004, when the Supreme Court denied certiorari on direct appeal. However, under § 2244(d)(2), the running of

3

limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending.

The Fifth Circuit has defined a "properly filed" application as one that conforms with a state's procedural filing requirements. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). From this definition, it is clear that, in order for an application to be considered "properly filed," it must, in fact, be *filed*. Accordingly, the statute of limitations did not begin to be tolled under the provisions of § 2244(d)(2) until November 10, 2004, when Jones's state habeas application was filed with the trial court.[1] The statute of limitations was then tolled until September 14, 2005, when the state habeas application was denied by the Texas Court of Criminal Appeals. Because the running of the one-year limitations period is tolled for 309 days for the time between the filing of the state habeas application and its denial, Jones's deadline for filing

---

[1] In his reply to the State's motion to dismiss, Jones contends that there is some ambiguity regarding the date on which the state application was filed. State habeas counsel, who was also Jones's original federal habeas counsel, filed the state application on September 27, 2004, which was after the deadline under state law. However, on November 10, 2004, the Texas Court of Criminal Appeals by way of a written order accepted the application as timely filed. Jones contends that it is unclear from that court's order whether the application was deemed filed as of that date or the original filing date. Jones does acknowledge, however, that the difference between these two dates does not alter the fact that his federal habeas petition was filed late. Accordingly, it is unnecessary for this Court to make a determination on this issue, and this Court will assume, as the State does, that the state application was *properly* filed under federal law as of the date (11-10-04) of the order of the Court of Criminal Appeals.

4

his federal habeas petition was extended from June 14, 2005, one year after the Supreme Court denied certiorari on direct appeal, 309 days, i.e., until April 18, 2006. Because Jones's initial federal petition was not filed until September 14, 2006, it was not filed within the one-year period allowed by the AEDPA limitations provision.

Nevertheless, the AEDPA's one-year limitation is not a jurisdictional bar and can, in exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). And Jones, not disputing that his federal petition was filed late, contends that he is entitled to equitable tolling. Courts, "guided by precedent, must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *quoting Davis*, 158 F.3d at 811. Accordingly, it is appropriate to examine the circumstances of this case to determine whether equitable tolling is warranted.

Jones filed a motion for appointment of federal habeas counsel on October 12, 2005, twenty-eight days after the Court of Criminal Appeals denied relief at the state habeas level. This motion was granted, and this Court appointed Jack Strickland to represent Jones in his federal habeas case on November 3--167days before the statute of limitations expired. On December 27, Jones filed a *pro se* motion requesting that different counsel be appointed to represent him. This Court issued an order requiring a response from counsel to this

5

request.  After Strickland filed a response on March 7, this Court issued an order on March 9 denying Jones's request for new counsel. As noted earlier, in order to meet the one-year deadline under the AEDPA, the federal petition had to be filed with this Court thirty days later, on April 8, but was not filed until September 14.

The Fifth Circuit has held that equitable tolling is appropriate only in rare and exceptional circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  The Fifth Circuit has also held that a lack of knowledge of the law does not ordinarily justify equitable tolling. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002).  Instead, equitable tolling usually is applied where a plaintiff is actively misled by the defendant about the cause of action or is prevented in some "extraordinary" way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Jones contends that he is entitled to equitable tolling because Strickland's representation, viewed in its entirety, was so lacking as to constitute misconduct warranting equitable tolling.  In particular, Jones argues that Strickland never appropriately communicated with Jones, failed to appreciate Jones's mental limitations, and failed to raise potentially meritorious claims at either the state or federal level.  Jones then argues that these examples of alleged deficient representation, coupled with the fact that counsel filed Jones's state application late, filed Jones's federal petition late, failed to file any reply brief, and failed

6

to file an appeal of this Court's dismissal of Jones's federal petition, constitute a level a neglect that warrants equitable tolling by this Court. As support for this argument, Jones relies primarily on *Downs v. McNeil*, 520 F.3d 1311, 1322-23 (11th Cir. 2008). In *Downs*, the Eleventh Circuit held that a death-row prisoner was entitled to equitable tolling for some portion of the federal limitations period after determining that Downs's state habeas counsel did not file the state habeas petition until only one day remained in the one-year federal limitations, overtly deceived Downs by stating that a state petition had been filed earlier when it had not, and then filed the federal petition eight days past the deadline, despite having been made aware by Downs on numerous occasions that the federal petition would be due the day after the state decided his state petition. In its opinion, the Eleventh Circuit stated that, while the final event that rendered Downs's petition untimely was the fact that counsel filed it late, that court would view the conduct of counsel as a whole because the negligence in filing the petition late could not be isolated from counsel's "allegedly egregious conduct." *Id*. at 1323.

In citing *Downs*, Jones urges this Court to view his original federal habeas counsel's behavior as a whole and find it to be egregious conduct. Contrary to the situation in *Downs*, however, Jones has not shown either that prior counsel overtly deceived Jones by telling him that a petition had been filed when it had not or that

7

counsel was so negligent as to file the state habeas petition with one day, or some comparable short period of time, remaining in the federal habeas limitations period. A similar case to *Downs* that was decided by the Fifth Circuit is *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). In *Wynn* the Fifth Circuit, in reversing a district court's decision denying equitable tolling, held that a habeas petitioner might be entitled to equitable tolling where his attorney deceived him into believing that a timely § 2255 motion had been filed on his behalf, so long as Wynn reasonably relied on his attorney's misrepresentations.[2] Such is not the case here. Jones points out that prior federal habeas counsel sent him a letter in which he promised to file a federal petition on his behalf, and counsel then filed a late petition and failed to file a reply brief or an appeal from this Court's judgment. However, as Jones appears to tacitly acknowledge in his reply brief, prior counsel filed the federal petition late *by mistake* and did not represent that it had been filed, when it had not. Moreover, while prior counsel's failure to file a reply brief or a notice of appeal is certainly not admirable conduct, this conduct was not a contributing cause to the lateness

---

[2] Jones also cites to *Texada v. Cain*, 2008 WL 400255 (5th Cir. February 13, 2008), an unpublished case in which the Fifth Circuit granted a habeas petitioner's motion for a certificate of appealability on the issue of equitable tolling and remanded the case to the district court. In this case, the Fifth Circuit cited *Wynn* and held that, because Texada had alleged that his attorney "began to mislead him" before his state habeas application had been filed or the federal limitations period had run, under *Wynn* he was entitled to a COA, although the Fifth Circuit expressed no opinion on the ultimate outcome of the proceeding. *Id.*, slip op. at 1.

of the petition, and this Court rectified the situation by appointing new counsel and preserved Jones's appellate rights by vacating its previous judgment.

Jones also cites *Butler v. Quarterman*, 576 F.Supp.2d 805, 809-10 (S.D. Tex. 2008), a case in which the federal district court granted equitable tolling in a death-penalty case where it was determined that state habeas counsel had failed to file a motion for appointment of counsel in federal court, notwithstanding his state statutory duty to do so, and the petitioner was mentally ill and therefore impaired in his ability to find his own counsel or seek appointment of counsel by the court. Again, however, *Butler* differs from the facts of the instant case considerably. In the case at hand, prior counsel promptly filed a motion for appointment of counsel in federal court after the state court denied Jones's state application and then filed the federal petition one year after the state application had been denied without taking into account the previous period of time during which the limitations period was not tolled by any state case. While this was certainly a serious error and constituted neglect by counsel, counsel did not violate his state statutory duty to file a motion for appointment of counsel in federal court.

The Fifth Circuit has also allowed equitable tolling where a petitioner has relied, to his detriment, on the actions of the district court that contributed to the petition's being filed late. *See Prieto v. Quarterman*, 456 F.3d 511, 514-15 (5th Cir. 2006)

9

(granting equitable tolling where the district court granted the petitioner's motion for an extension of time to file the petition and setting the due date after the deadline under the AEDPA); *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (granting equitable tolling where the district court granted a motion to withdraw a federal habeas petition, thus allowing a second petition to be time-barred). In the instant case, while Jones did file a motion to have different counsel appointed, this motion was denied prior to the end of the one-year limitations period, and federal counsel was not relieved of his duties as Jones's attorney while that motion was pending. Therefore, there is no evidence that Jones's counsel relied on anything said or done by this Court in filing a tardy petition.

The Fifth Circuit has held that in a death-penalty case mere attorney error or neglect is not an extraordinary circumstance justifying equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). And the Fifth Circuit has reversed a district court that granted equitable tolling, holding that counsel's erroneous interpretation of the statute of limitations cannot, by itself, excuse the failure to file a habeas petition within the limitations period. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Moreover, in *Riggs*, the Fifth Circuit, after recognizing that a decision to invoke equitable tolling is reviewed by that court for abuse of discretion, stated directly that a district court abuses its

discretion when it makes an error of law such as granting equitable tolling because of attorney error or neglect. *Id*.

Furthermore, and most importantly, the Supreme Court recently addressed this issue in *Lawrence v. Florida*, 127 S.Ct. 1079 (2007). In that case, the Supreme Court held that a federal habeas petitioner under a sentence of death was not entitled to equitable tolling under the AEDPA due to his counsel's mistake in miscalculating the limitations period. Specifically, the Supreme Court stated that attorney miscalculation is not sufficient to warrant equitable tolling, particularly as prisoners have no constitutional right to counsel during federal habeas review. *Id*. at 1086-87.

This Court recognizes that, because this is a case in which the death penalty has been assessed, there is a very serious consequence of a decision by a federal district court to dismiss a federal petition because it was not filed within the statutory limitations period. This Court is also aware that, because previous federal counsel was also the state counsel who filed the state application, he in particular was on notice that, after the state application was denied by the Court of Criminal Appeals, less than a full year remained for the federal petition to be filed. Counsel had 167 days after being appointed by this Court to file a timely petition, a more-than-sufficient amount of time to do so, especially given his prior knowledge of the case. Nevertheless, he failed to do so.

Troubled as this Court may be by these facts, it would be acting contrary to controlling precedent on this issue were it to rule that alleged or actual instances of ineffective assistance of counsel, without any evidence of deceitful or other similarly egregious conduct on counsel's part, constitute rare and extraordinary circumstances under which equitable tolling is warranted.  Indeed, the Fifth Circuit has directly stated that "[i]neffective assistance of counsel is irrelevant to the tolling decision" and has held that granting equitable tolling due to the alleged ineffective assistance of federal habeas counsel is an abuse of discretion. *Riggs*, 314 F.3d at 799.

Accordingly, no extraordinary circumstances have been shown warranting equitable tolling.  Respondent's motion to dismiss Jones's petition for writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d) is granted.  Jones's request for an evidentiary hearing is denied.

SIGNED March 4, 2009.

*(signed)* Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE