IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| QUINTIN PHILLIPPE JONES, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:05-CV-638-Y |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | (death-penalty case) |
| Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

**OPINION AND ORDER DENYING LEAVE TO PROCEED EX PARTE
ON FUNDING APPLICATION
(with instructions to the clerk)**

On May 23, 2014, Quintin Phillippe Jones filed a Motion for Leave to Proceed Ex parte on his Opposed First Application for Funding [doc. 121]. The motion reflects that Respondent opposes it.[1] Jones seeks funds "for mitigation investigative services to assist him in the preparation of . . . an ineffective-assistance-of-counsel *Wiggins* claim" for his amended habeas petition in this death-penalty case. The issue before the Court is whether Jones may proceed ex parte on the application for funds.

**Discussion**

The relevant statute provides that when counsel seek funds for investigative services, "No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper

---

[1] The Court has not waited for Respondent to file a written response before ruling on Jones's motion, as the due date for Jones's amended petition draws near. If, for some reason, Respondent contends the denial of the motion prejudices him in some way, then Respondent may file a motion requesting reconsideration of this order.

showing is made concerning the need for confidentiality." 18 U.S.C. § 3599(f); *Gary v. Georgia Diagnostic Prison*, 686 F.3d 1261, 1262 n.1 (11th Cir. 2012) (stating that § 3599 addresses both persons under indictment in federal court and state prisoners under a death sentence who petition for a federal writ of habeas corpus). This provision changed the ex-parte process provided by the former statute to a process that is not to be held ex parte unless the proper showing is made. *See Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir. 1997). The current statute has been interpreted to require a petitioner seeking expense authorization ex parte to include a "short case-specific statement of the need for confidentiality." *See Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999)(quoting *Dowthitt v. Johnson*, No. H-98-3282, 1998 WL 1986954 (S.D. Tex. Dec. 2, 1998) (not designated for publication and adopting *Mitcham v. Calderon*, No. C-94-2854, 1996 WL 33322268 (N.D. Cal Dec. 20, 1996) (not designated for publication)); *see also Shields v. Johnson*, 48 F. Supp. 2d 719 (S.D. Tex. 1999) (Kent, J.). Quoting *Dowthitt* which incorporated *Mitcham*, *Patrick* held that such a statement of need for confidentiality "merely must identify generically the type of services needed and the broad issue or topic (e.g., innocence) for which the services are necessary." *Patrick*, 37 F. Supp. 2d at 816.

The opinion in *Patrick* is not binding on the Court and, as Jones acknowledges, has been rejected by a judge of this Court and by other courts. *See, e.g., Threadgill v. Thaler*, No. 3:05-CV-2217-D, slip

2

op. at 2 n.2, 2012 U.S. Dist. LEXIS 188386 (N.D. Tex., Oct. 11, 2012)(Fitzwater, C.J.); *see also Ruiz v. Thaler*, No. SA-03-CA-303-OG, slip op. at 2 (W.D. Tex., Aug. 31, 2011) (Garcia, J.).   The superficial *Mitcham* standard does not address confidentiality concerns and conflicts with the presumption in section 3599(f) that a petitioner's request for public funds be made in the regular, public course of court business.  Funding motions, in the Court's experience, have a significant potential for abuse when Respondent is denied the opportunity to address the accuracy of the assertions supporting them.  *Accord Crawford v. Washington*, 541 U.S. 36, 49 (2004) (recognizing in historical account of cross-examination practices that ex-parte evidence "very seldom leads to the proper discovery of truth.").

How, exactly, a petitioner can explain the need to proceed ex parte without disclosing the very information he claims a need to keep secret may be unclear, but it is not impossible.  *See Haight v. Parker*, No. 3:02-CV-206-S, 2010 WL 1489979, at *9 (W.D. Ky. Apr. 13, 2010); *Shields*, 48 F. Supp. 2d at 720.  One judge has observed that all of prior counsel's relevant communications and work product is laid bare during the course of litigating an ineffective-assistance claim, that no privilege would protect information already known to the respondent (not an immaterial consideration in habeas proceedings, which begin after state litigation has ended), and that a habeas petitioner (who challenges his presumptively valid state conviction) may have a lesser interest than a criminal defendant has in protecting

the identity of his witnesses.  *Robertson v. Stephens*, No. 3:13-CV-728-G, 2013 WL 2658441, at *3 (N.D. Tex. June 13, 2013) (Fish, Sr. J.).

Despite Jones's tacit acknowledgment of these cases,[2] his motion identifies only the type of services needed and the broad issue he seeks to raise.  He then asserts, "The Application should be sealed and heard *ex parte* because, as the Court's en camera review of it will reflect, it discusses counsel's assessment of representation needs to justify the funding request and such assessment constitutes confidential work product." *Motion* at 4.  Essentially, Jones asserts that his very argument justifying the funding request is a privileged matter.  This showing fails to satisfy even the lesser standard in *Patrick* because it is not a case-specific need, but "only a generic need for confidentiality which arises in virtually all capital cases." *See Patrick*, 37 F. Supp. 2d at 816; *see also Graves v. Johnson*, 101 F. Supp. 2d 496, 499 (S.D. Tex. 2000); *Shields*, 48 F. Supp. 2d at 720.  If such an assertion satisfies section 3599, the confidentiality provisions in the statute would be rendered a nullity.

## Instructions

The motion for leave is **DENIED** [doc. 121].  The Clerk is instructed to **UNFILE** Jones's sealed Opposed First Application for Funding [doc. 122].  Jones may refile the motion for leave to address

---

[2] In fact, lead counsel in this case is the appointed counsel in *Robertson*.

a specific need for confidentiality or he may file a funding application in the regular, public course of court business.

SIGNED May 30, 2014.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ks:bb

5